June 18, 1979

**79-44   MEMORANDUM OPINION FOR THE
         GENERAL COUNSEL, ACTION**

**Budget Authority—Statutory Construction—
Antideficiency Act (31 U.S.C. § 665)—
Applicability to the Directors of the Peace Corps
and ACTION**

This memorandum responds to your inquiry of June 1 1979, whether the Peace Corps is an "agency," and the Director of the Peace Corps the "head of an agency," within the meaning of the Antideficiency Act (Act), 31 U.S.C. § 665. We understand you are concerned that the term "agency" in the Act may refer only to agencies that are independent establishments as defined by 5 U.S.C. § 104. If that were so, the Director of ACTION, which is an independent establishment as so defined, 42 U.S.C. § 5041, might arguably retain responsibilities under the Act even though budgetary authority over the Peace Corps, which is not such an independent establishment, (Executive Order No. 12137, § 1-101, 44 F.R. 29, 023 (1979)), has been transferred to the Director of the Peace Corps.

ACTION was created by Congress as an independent establishment within the meaning of 5 U.S.C. § 104, namely:

> * * * an establishment in the Executive branch * * * which is not an Executive department, military department, Government, corporation, or part thereof, or part of an independent establishment.

The Peace Corps, however, is not a legislatively structured unit. In the Peace Corps Act of 1961, 22 U.S.C. § 2501 *et seq.,* Congress vested administrative authority over Peace Corps functions in the President. The Peace Corps Act authorizes him to carry out programs in furtherance of that Act "on such terms and conditions as [the President] may determine," 22 U.S.C. § 2502(a), and to exercise any functions vested in him by that Act "through such agency or officer of the United States Government as he shall direct." 22 U.S.C. § 2503(b). In § 1-101 of Executive Order No. 12137, the President provided that the Peace Corps

"shall be an agency within ACTION * * *," thus making it a party of an "independent establishment," as that term is defined by 5 U.S.C. § 104. It follows that the Peace Corps is, within the meaning of 5 U.S.C. § 104 itself not an independent establishment.

The uncertainty whether the Peace Corps can be deemed an agency under the Antideficiency Act stems from a reference to the term "independent establishment" in the Act's definition of agency. Under that Act:

> * * * the term "agency" means any executive department, agency, commission, authority, administration, board, or *other independent establishment* in the executive branch of the Government, including any corporation wholly or partly owned by the United States which is an instrumentality of the United States. [31 U.S.C. § 665(d)(2) (emphasis added).]

The reference to "any * * * other independent establishment" logically implies, as the definition is written, that the preceding terms that are not necessarily excluded from the general class of independent establishments, refer to specific categories of the general class of "independent establishments."[1] "Independent establishment" is itself nowhere defined in the Antideficiency Act. However, if its definition is coextensive with the definition in 5 U.S.C. § 104, then the Peace Corps, although an agency, cannot be an "agency" within the meaning of the Antideficiency Act, because it is not an "agency" that is an "independent establishment" within the meaning of 5 U.S.C. § 104.

We conclude, however, based on the clear intent of the Antideficiency Act, that the term "independent establishment" is not intended to be coextensive with the term as defined in title 5. The intent of the Act is to vest certain budgetary responsibilities in the heads of all units of the executive branch to which appropriations are made available for definite periods of time, and which have responsibility for presenting to the Office of Management and Budget their own recommended budgets and administering the relevant appropriations independently. The House report on the bill that added the definition of "agency" to the Act, General Appropriations Act for 1951, Title XII, § 1211, 64 Stat. 765 (1950), strongly indicates that the amendments to the Act were intended to diffuse responsibility for governmental economy as broadly as possible through the executive branch. The report states:

> The administrative officials responsible for administration of an activity for which appropriation is made bear the final burden for rendering all necessary service with the smallest amount possible within the ceiling figure fixed by Congress. Every official

---

[1] The only term preceding "any * * * other independent establishment" which cannot be a category of "independent establishment," as defined by 5 U.S.C. § 104, as "any executive department," 5 U.S.C. § 101.

of the Government who has responsibility for the administration of a program must assume a portion of the burden for the deficit in the Federal Treasury * * *. [I]t is his responsibility to so control and administer the activities under his jurisdiction as to expend as little as possible out of the funds appropriated. [H. Rept. 1797, 81st Cong., 2d sess. 9 (1950).]

The breadth of the legislative purpose underlying the Antideficiency Act is inconsistent with a definition of agency that excludes from the operation of the Act any unit of the executive branch that has independent budgetary powers.

We therefore conclude that "independent establishment," as that term is used in the Antideficiency Act, refers to any integral unit of the executive branch to which appropriations are made available and which has independent budgetary authority. No elaboration of the definition of "agency" or of "independent establishment" appears in either the House, Senate, or Conference reports on the General Appropriations Act for 1951, cited above, which added the definition of "agency" to the Act, or in a section-by-section analysis of the amendment introduced into the CONGRESSIONAL RECORD by one of its sponsors. 96 CONGRESSIONAL RECORD 6835 (1950) (remarks of Representative Norell). However, any definition of "agency" narrower than the class of executive branch units that have independent budgetary authority would, for no obvious purpose, contradict the statute's plain intent.[2]

Under our analysis, it is plain that the Peace Corps is an agency that is an "independent establishment," and therefore an "agency" within the meaning of the Antideficiency Act. Executive Order No. 12137 delegates all but a limited number of functions reserved to the President concerning Peace Corps administration to the Director of the Peace Corps, § 1-102, and provides that all funds appropriated or otherwise made available to the President for carrying out the provisions of the Peace Corps Act shall be "deemed to be allocated without any further action of the President" to the Director of the Peace Corps or his delegate, § 1-106. As explained in the White House memorandum accompanying Executive Order No. 12137, it is intended that:

[T]he Director of the Peace Corps shall have budgetary authority for the Peace Corps, to include responsibility for establishing and controlling a separate Peace Corps budget, subject only to ACTION policy guidance regarding coordination with domestic programs.

---

[2] That Congress, in adding the definition of "agency" to the Antideficiency Act, contemplated the same meaning of "independent establishment" as was incorporated into title 5, also appears unlikely because of the timing of the two enactments. The amendment to the Antideficiency Act that added the definition of "agency" was enacted in 1950. A definition of "independent establishment" was added to title 5 in 1966, and applies expressly only to title 5. 5 U.S.C. § 104.

261

As explained by your Office, it is envisioned that the implementation of the Executive order will leave the Director of ACTION with no authority over the Peace Corps budget, which is to be prepared and controlled under the authority of the Director of the Peace Corps. Under this scheme, the agency to which the Peace Corps appropriation is to be made available would clearly appear to be the Peace Corps, under the authority of the Director of the Peace Corps, who is to control the budget.[3]

Finally, we note that, if the Director of the Peace Corps is not to be deemed the head of an agency within the meaning of the Antideficiency Act, it must follow that the budgetary responsibilities conferred by that Act must fall to a person with no control over the Peace Corps budget, *i.e.,* the Director of ACTION, or to no one. Either result would be absurd in view of the purpose of the Antideficiency Act.

In sum, we conclude that "any * * * agency" within the meaning of 31 U.S.C. § 665 refers only to agencies that are "independent establishments" within the meaning of that section. However, "independent establishment," under this Act, refers to any agency that has independent control over the establishment and administration of its budget. As described above, the Peace Corps is an agency that is such an independent establishment, and, for purposes of the Antideficiency Act, the Director of the Peace Corps is the head of an agency.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] Under Exec. Order No. 11603, 22 U.S.C. note following § 2501 (1976), superseded by Exec. Order No. 12137, the Peace Corps was designated a "component" of ACTION, and it was provided that all funds appropriated to the President to carry out the Peace Corps Act were to be deemed allocated without further Presidential action to the Director of ACTION. Congress recognized the President's delegation by subsequently appropriating funds for the Peace Corps to ACTION directly. *See, e.g.,* Foreign Assistance Appropriations Act of 1978, Title III, 92 Stat. 1597. Presumably, Congress will similarly recognize the President's redelegation of his Peace Corps authority and appropriate funds for the Peace Corps to the Director of the Peace Corps.